**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Plaintiff,

-vs.-

CAP 41 W 184 PROPERTY OWNER LLC, CAP 151 W 228 PROPERTY OWNER LLC, CAP 2291 UNIVERSE ST PROPERTY OWNER LLC, CAP 2322 GRAND AVE PROPERTY OWNER LLC, MICHAEL RUBIN, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, ASPEN SPECIALTY INSURANCE COMPANY, and JOHN DOE #1 THROUGH JOHN DOE # 76, inclusive, the names of the last 76 defendants being fictitious, the true names of said defendants being unknown to plaintiff, it being intended to designate any occupants or tenants of the mortgaged premises who are in default in the payment of rent for which a proceeding is now pending by the mortgagor and/or other persons or parties having or claiming an interest in or lien upon the mortgaged premises subordinate to that of the mortgagee, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees and the assignees, lienors, creditors, successors in interest of them, and generally all persons having or claiming under, by, through or against the said defendants named as a class, any right, title or interest in or lien upon the premises described in the complaint herein,

Defendants.

---

No. 1:26-cv-04707 (JGK)

**ORDER APPOINTING RECEIVER**

UPON the Summons and Complaint filed with the Clerk of the United States District Court for the Southern District of New York on June 6, 2026; upon the Notices of Pendency filed in the Office of the Clerk of the County of Bronx on June 8, 2026; upon the Stipulation of Settlement and Consent to Foreclosure, filed on July 20, 2026, among Plaintiff and CAP 41 W 184 Property Owner LLC, CAP 151 W 228 Property Owner LLC, CAP 2291 Universe St Property Owner LLC, CAP 2322 Grand Ave Property Owner LLC, and Michael Rubin; and upon any and all pleadings and papers filed in connection therewith; it is hereby

ORDERED, that Trigild IVL ("Trigild"), acting through its principal, Ian Lagowitz, with an address at 24 Church Street, Montclair, New Jersey 07042 is appointed with the usual powers and directives as receiver (the "Receiver") during the pendency of this action, for the benefit of Plaintiff, of all the rents and profits of the mortgaged premises located at 41 W 184th Street, Bronx, New York 10468; 151 W 228th Street, Bronx, New York 10463; 2291 University Avenue, Bronx, New York 10468; and 2322 Grand Avenue, Bronx, New York 10468 (collectively, the "Properties"), as more particularly described within the Mortgage Agreements (defined *infra*) (the "Receivership Estate"); and it is further

ORDERED, that subject to Plaintiff's approval, the Receiver is permitted to retain a property manager of its choosing (the "Property Manager") without further application to this Court during the pendency of this action for the benefit of the current tenants, to preserve the value of the Properties, and to fairly operate the Properties; and it is further

ORDERED, that the Receiver is authorized and directed to demand, collect, and receive from the tenants of the Properties or from any persons liable therefor all the rents now due and unpaid or hereafter and during the pendency of this action to become due, and that those tenants are directed to pay over to the Receiver all the rents now due and unpaid or hereafter and during

the pendency of this action to become due, and that all persons in possession other than lawful tenants are directed to surrender possession to the Receiver, subject to any applicable emergency rent laws, if any; and it is further

ORDERED, the Receiver be empowered to carry out all the usual powers and duties of receivers in foreclosure actions, and as authorized under the express terms of Section 3 of the West 184th Street, West 228th Street, University Avenue, and Grand Avenue Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filings dated July 26, 2022 and recorded in the Office of the City Register of the City of New York on August 5, 2022 under Control Numbers 2022000310115, 2022000310120, 2022000310146, and 2022000310150, respectively (the "Mortgage Agreements"), among Plaintiff's predecessor in interest, NewPoint Real Estate Capital ("NewPoint") and CAP 41 W 184 Property Owner, CAP 151 W 228 Property Owner LLC, CAP 2291 Universe St Property Owner LLC, and CAP 2322 Grand Ave Property Owner LLC, respectively (collectively, the "Borrowers"), which is to enter upon and take and maintain full control of the Properties in order to perform all acts that Plaintiff in its discretion determines to be necessary or desirable for the operation and maintenance of the Properties, including:

(a) the execution, cancellation, or modification of leases,

(b) the collection of all rents,

(c) the making of repairs to the Properties and the execution or termination of contracts providing for the management, operation, or maintenance of the Properties,

(d) enforcing the assignment of rents pursuant to Section 3(a) of the Mortgage Agreements,

(e) protecting the Properties or the security of the Mortgage Agreements, and

(f) all other roles, rights, and responsibilities specified in Section 3 of the Mortgage Agreements; and it is further

ORDERED, that for avoidance of doubt, the Receiver is authorized to lease the Properties or any part thereof for terms not exceeding two (2) years or such longer terms as may be required by law; keep the Properties in a proper state of repair in compliance with law and insured against loss or damage, and to make the expenditures necessary for said purposes and for the purpose of paying the necessary running expenses of the Properties; to pay any taxes, water rates, or assessments now due upon the Properties or hereafter and during the pendency of this action to become due; to pay the principal and interest and other charges in connection with any prior encumbrances of the Properties; and to institute and carry on such legal proceeding as may be necessary for the protection or recovery of the Properties, for the collection of the rents and profits thereof, or for the removal of any tenant or other person from the Properties, subject, however, to the qualification that the Receiver shall not retain counsel without further application to this Court; and it is further

ORDERED, that any payments of taxes, assessments, water rents, sewer rents, and/or insurance premiums made by Plaintiff for the benefit of the Properties, or any advances to the Receiver for such purposes, shall be added to the total indebtedness due to Plaintiff by the Borrowers for whose benefit the funds are advanced under the loan documents evidencing the mortgages securing the Properties; and it is further

ORDERED, that the cost of the Receiver's Bond (defined *infra*) and any renewals or extensions shall not be an expense of the Receivership Estate paid from the Properties' funds; and it is further

Case 1:26-cv-04707-JGK Document 23-2 Filed 07/20/26 Page 6 of 13

ORDERED, within three business days following the entry of this Order, Borrowers shall provide the Receiver with copies of all existing insurance policies for the Properties, the assets of the Receivership Estate, or maintained by Borrowers for or with respect to the Properties. The Receiver, the Property Manager, the Federal Housing Financing Agency ("FHFA"), and the Plaintiff shall each be named as additional insured or as mortgagee, as their interest may appear on all existing coverages, including property damage, and general liability policies for the Properties (collectively referred to as "Insurance on Property"). The premiums for insurance policies and deductibles for Insurance on Property that become due shall be expenses of the Receivership Estate. The Receiver shall have the right to possess and control all right, title, and interest of Borrowers or the insured in and to all proceeds from any claims made or to be made under any insurance policy maintained by Borrowers, the Receiver, or any other party with respect to the Properties of the Receivership Estate. Except as restricted by this paragraph below, the Receiver shall have the right to modify, amend, or replace any Insurance on the Property or obtain additional insurance as the Receiver deems reasonably necessary to protect the Properties. No existing insurer may cancel its existing policy as a result of the appointment of the Receiver without consent from the Plaintiff and/or FHFA. Borrowers may not amend, modify, or cancel any existing insurance policy without the written consent of the Receiver, Plaintiff, and/or FHFA. Furthermore, the Receiver is required to obtain written consent from the Plaintiff prior to any such amendment, modification or cancellation of any existing insurance policy.

Separate from Insurance on Property as set forth in the paragraph above, the Receiver shall, at its sole cost and expense, obtain and carry in full force and effect for Receiver and its employees insurance coverages for (1) professional liability/errors and omissions and (2) fidelity/crime. Such professional liability/errors and omissions coverage will have a minimum per claim coverage

Case 1:26-cv-04707-JGK Document 23-2 Filed 07/20/26 Page 7 of 13

amount of $5 million and fidelity/crime coverage will have a minimum per claim coverage amount equal to the greater of $1 million per claim or four months of revenue using the agreed budget for the Properties (collectively these coverages are referred to as "Receiver's Business Insurance"). The Property Manager shall carry the following insurance coverages: (1) excess/umbrella coverage in the minimum amount of $5 million per claim above primary policy limits or a greater amount as required by Fannie Mae; (2) dishonesty, identity theft, fidelity, cyber (first party and third-party including identity theft resolution and loss control services), general liability coverage (separate from the Insurance on Property as set forth in the paragraph above), business automobile liability, and employer's liability, with each such coverage having a minimum coverage amount of $1 million per occurrence and $2 million in the aggregate; and (3) worker's compensation with a minimum per claim coverage amount in accordance with state laws. All such Property Manager coverages are collectively referred to as "Property Management Insurance." The Receiver shall be added as an "additional named insured" to Property Management Insurance upon hiring or retention of the Property Manager. To the extent the Receiver engages agents, attorneys, or contractors to provide services, those entities must also have appropriate coverages in the same amounts as the required Property Management Insurance. Fannie Mae and FHFA shall be named as additional insureds on Receiver's Business Insurance and the Property Management Insurance. For the avoidance of doubt, the Receiver, the Property Manager and their employees, as well as any of their agents, attorneys or contractors shall always keep in force the minimum amounts of coverage as set forth in this paragraph for Receiver's Insurance and Property Management Insurance, including applicable tail coverage. Each insurance carrier providing Receiver's Business Insurance and Property Management Insurance, whether admitted or non-admitted, must comply with a minimum (1) A. M. Best Financial Strength Rating of A- and (2) A.M. Best

Case 1:26-cv-04707-JGK Document 23-2 Filed 07/20/26 Page 8 of 13

Financial Size Category of VII or better. The maximum deductible or self-insured retention or any combination thereof for each coverage shall be no more than $25,000. The premiums for insurance policies and deductibles for all Receiver Business Insurance and Property Management Insurance shall not be expenses of the Receivership Estate. The Receiver and the Property Manager will, upon appointment, provide certificates to Fannie Mae evidencing insurance coverage, and thereafter, upon Fannie Mae's request. The Receiver and the Property Manager will promptly notify Fannie Mae of any material change in insurance coverage; and it is further

ORDERED, that any liability incurred by, or recourse against, the Receiver other than for gross negligence, willful misconduct, malfeasance, bad faith, reckless disregard of duties, or actions in violation of orders of this Court, will be limited in order of priority first to applicable insurance coverages inuring to the Properties and to the Receiver (including its employees, agents, attorneys, other professionals or contractors), second to the Receiver Bond (defined *infra*), and third to the Property funds generated by the Properties and received by the Receiver in the course of the receivership. Any claims or actions asserting liability against the Receiver, the Receiver's agents, employees, other professionals, or contractors of the Receiver must be brought by motion in this action; and it is further

ORDERED, that for the avoidance of doubt, the Receiver, and the agents, employees, attorneys, and contractors of the Receiver will have personal liability for gross negligence, willful misconduct, malfeasance, bad faith, reckless disregard of duties, and actions in violation of this Court's orders; and it is further

ORDERED, that the Receiver is authorized to initiate, defend, negotiate, settle, or otherwise dispose of any claim or litigation that concerns the Properties or Receivership Estate

Case 1:26-cv-04707-JGK Document 23-2 Filed 07/20/26 Page 9 of 13

subject to Fannie Mae's approval to the extent such settlement shall affect Fannie Mae's security interests in the Properties and all related Fannie Mae interests hereto; and it is further

ORDERED, that the Receiver is vested with all the powers and responsibilities of a receiver as provided in this Order, subject to the rights, titles, powers, privileges, and functions of FHFA and Plaintiff under the Housing and Economic Recovery Act of 2008 ("HERA"). FHFA retains all its federal powers and functions including the right to assert such powers and protections to preclude the Receiver and the receivership from restraining or affecting its powers as conservator of Fannie Mae (the "Conservator") or functions as to Plaintiff's and FHFA's interests at issue herein; and it is further

ORDERED, that notwithstanding any other term of this Order, Plaintiff and FHFA, as Conservator, retain and may exercise without further Court approval any and all of their rights under the Loan Documents and HERA. The Receiver's powers as set forth in this Order do not in any way diminish Plaintiff's rights under the Loan Documents or FHFA's rights, titles, powers, functions, and protections as Plaintiff's Conservator and successor under HERA; and it is further

ORDERED, that nothing in this Order is intended to interfere with, or adversely affect, any trustee's sale or other exercise of Plaintiff's or FHFA's rights, nor is the Order intended to constitute a waiver of, or election not to proceed with, any commissioner's sale; and it is further

ORDERED, that during the pendency of this action the Borrowers and their agents are enjoined and restrained from leasing, renting, or collecting the rents or profits of the Properties, and from interfering with the Receiver or in any way with the Properties or their possession, and that all lawful tenants of the Properties and any persons liable for such rents are enjoined and restrained from paying the same to the Borrowers or to anyone except the Receiver; and it is further

ORDERED, that the Receiver is authorized to receive, and within five days after the Receiver is qualified the Borrowers shall turn over to the Receiver, all leases, rent rolls, security deposits of tenants of the Properties, and any and all documents, records, service contracts, surveys, plans, specifications, and agreements relating to the management of the Properties held by the Borrowers, together with any and all monies held or received by the Borrowers in connection with the Properties, including during the period commencing with the date of this Order to and including the date upon which the Receiver files with the clerk of this Court his or her bond as set forth below, except for those monies disbursed by the Borrowers during said period for the operation of the Properties; and thereupon the Receiver shall hold such security subject to such disposition therefor that shall be provided in an order of this Court to be made and entered in this action; and it is further

ORDERED, that before entering upon his/her duties, the Receiver shall execute to the People of the State of New York, and file with the Clerk of this Court his/her oath and, a bond (the "Receiver's Bond") with sufficient sureties in the sum of $30,000 with respect to the West 184th Street Property, $30,000 with respect to the West 228th Street Property, $25,000 with respect to the University Ave Property, and $35,000 with respect to the Grand Ave Property (which amounts approximate the monthly rent rolls of the respective Properties) with a surety company as surety for the faithful discharge of his/her duties as the Receiver; and it is further

ORDERED, the Receiver shall promptly deposit all monies received by him/her in respect of the Properties in checking accounts established for each Property at Benchmark Bank and/or Bank of America (the "Depositories"), such accounts to be in his/her name, as Receiver, and to show the name of this case; the Depositories shall furnish monthly statements regarding such accounts to the Receiver and to Plaintiff's counsel; and it is further

ORDERED, that the Receiver shall continue as Receiver until further order of this Court, and it is further

ORDERED, that the Receiver shall not make any secondary appointments (aside from the Property Manager as set forth above) without the prior written approval of the Court, and that the Receiver shall apply to the Court in a separate application for legal and all other services; and it is further

ORDERED, that the Receiver shall register with any municipal departments as provided by applicable law; and it is further

ORDERED, that the Receiver shall give a priority to the expenditure of rents and income and profits to the correction of immediately hazardous conditions and violations of housing maintenance laws within the time set by orders of any municipal department, or, if not practicable, seek a postponement of time for compliance; and it is further

ORDERED, that the Receiver shall file monthly accountings for the Properties with Plaintiff's counsel, Akin Gump Strauss Hauer & Feld LLP, beginning within fifteen days of the first day of the first month following entry of this Order and monthly thereafter during the term of the receivership; and it is further

ORDERED, that by accepting this appointment the Receiver certifies that he shall execute and file an oath with the Court that he will faithfully and fairly discharge the trust committed to him, subject to the provisions set forth below; and it is further

ORDERED, that by accepting the receivership appointment and entering upon the duties of the receivership, the Receiver certifies that, as of the date this order is executed he is qualified to serve as receiver pursuant to the applicable laws; capable of serving as the Court-appointed

Receiver; and that if at any time during the receivership, he is no longer qualified or capable of serving as the Court-appointed Receiver, he will promptly notify the Court; and it is further

ORDERED, that by accepting the appointment, the Receiver additionally certifies that he shall obey the Court's orders, is familiar and experienced with the duties and responsibilities of a receiver and is fully capable and prepared to assume and meet those duties and responsibilities; and it is further

ORDERED, that no fee shall be taken by the Receiver unless and until approval and confirmation of such fee is given by this Court on notice to all parties; and it is further

ORDERED, that payment of the Receiver shall be in accordance with 28 U.S.C.A. § 3103(g); subject to judicial settlement of the Receiver's final accounts; and it is further

ORDERED, that the Receiver is empowered to market and sell the Properties, subject to the approval of this Court in accordance with 28 U.S.C. 3103 and 28 U.S.C. 2001; and it is further

ORDERED, that if Plaintiff and the Borrowers each consent to the sale of the Properties by the Receiver and agree in writing to waive the requirements of 28 U.S.C. 2001, the Receiver may sell the Properties without further approval of the Court; and it is further

ORDERED, that upon consummation of any sale of the Properties by the Receiver or assignment of the mortgage loan by Plaintiff, the receivership shall terminate, subject to the right of the Receiver to make further application to this Court with respect to any aspect of the receivership, including payment of fees and expenses, discharge of bond, disposition of amounts held in bank accounts including security deposits, or other such acts necessary or ancillary to the winding up of the receivership.

ENTER:

U.S.D.J.

9/16/26